```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROBERT CRUZ et al.,                            :
                                               :
                    Plaintiff,                 :        ORDER
                                               :
      -v-                                      :        23-CV-2527 (JLC)
                                               :
                                               :
BRINK'S GLOBAL SERVICES USA, INC.,             :
                                               :
                    Defendant.                 :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2024

**JAMES L. COTT, United States Magistrate Judge.**

WHEREAS, the parties have reported that they have reached a settlement on all issues (Dkt. No. 11); and

WHEREAS, the parties have now consented to my jurisdiction over this case under 28 U.S.C. § 636(c) so that their settlement agreement may be reviewed by me (Dkt. No. 14);

IT IS HEREBY ORDERED that the parties are directed to file a joint letter motion along with their fully executed settlement agreement **no later than March 1, 2024** to request court approval (this date having been previously set by Judge Garnett when the case was assigned to her) (Dkt. No. 12). The letter motion should explain why the proposed settlement is fair and reasonable and otherwise complies with the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties are directed to this Court's rulings in *Martinez v. Avalanche Construction Group Inc.*, No. 20-CV-11065 (JLC), 2021 WL 5001415 (S.D.N.Y. Oct. 28, 2021) (unreasonable restrictions on use of social media to

publicize settlement stricken); *Cruz v. Relay Delivery, Inc.*, 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018) (no reemployment provision impermissible and provision related to communication with media should not be overly restrictive); *Rivera v. Relay Delivery, Inc.*, 17-CV-5012 (JLC), 2018 WL 1989618 (S.D.N.Y. Apr. 26, 2018) (release that was broader and thus more favorable to defendants than plaintiff's narrower release was impermissible); *Howard v. Don Coleman Advertising, Inc.*, 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017) (any mutual non-disparagement provision must include carve-out for truthfulness); and *Souza v. 65 St. Marks Bistro*, 15-CV-327 (JLC), 2015 WL 7271747 (S.D.N.Y. Nov. 6, 2015) (regarding impermissible confidentiality provisions and the proper scope of mutual general releases), for further guidance as to permissible and impermissible terms.

For recent settlements the Court has approved, the parties are directed to review *Chuchuca v. Fitzcon Construction G.C.*, No. 20-CV-2178 (JLC), 2023 WL 6541776 (S.D.N.Y. Sept. 15, 2023); and *Mauricio v. Tiramisu Restaurant LLC*, No. 22-CV-2500 (JLC), 2022 WL 6806518 (S.D.N.Y. Sept. 30, 2022).

**SO ORDERED.**

Dated: February 22, 2024
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge